## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GREAT PLAINS THEATRE FOUNDATION, INC. and GREAT PLAINS THEATRE FESTIVALS COMPANY,<br>     Plaintiffs,<br><br>v.<br><br>WARD MANUFACTURING, LLC<br><br>     Defendant. | Case No. 16-1028-JTM-GEB |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Discovery Sanctions (Motion) (**ECF No. 41**). Defendant responded to Plaintiffs' Motion on March 21, 2018. (ECF No. 44). On March 27, 2018, at the request of Defendant, the Court convened the parties to address the Motion. Plaintiffs appeared through counsel, Marc A. Powell. Defendant appeared through counsel, Mark A. Katz. After consideration of both the arguments of counsel and the parties' briefing, the Court **DENIED** Plaintiffs' Motion. (*See* Order, ECF No. 46). The previously-announced ruling of the Court is now memorialized below.

1

I.      **Background**[1]

This case arises out of a 2014 fire that substantially destroyed the Great Plains Theatre in Abilene, Kansas. (ECF No. 4, ¶ 5). The Great Plains Theatre building and its contents were owned by Plaintiffs. (*Id*. at ¶ 6). Plaintiffs assert their building was destroyed when Defendant's product, Wardflex, was perforated by lightening, resulting in the escape of natural gas and the subsequent fire. (ECF No. 44, p.1). Wardflex is corrugated stainless steel tubing (CSST) that can be used to convey natural gas (among other things) from one point to another in a structure. (*Id*.). Plaintiffs' causes of action against Defendant are strict product liability, breach of express and implied warranties, and negligence. (ECF No. 4, ¶¶ 12-28). Defendant denies liability. (ECF No. 5).

Plaintiffs filed their Complaint on January 30, 2016 (ECF No. 1) and amended it on February 27, 2016 (ECF No. 4), to which Defendant timely answered (ECF No. 5). On April 28, 2016, the Court held a scheduling conference and entered a Scheduling Order setting discovery and other deadlines. (ECF No. 10). From April 28, 2016 to the present, the Court has revised the Scheduling Order four times, due to circumstances beyond the control of the parties, but largely due to issues with Plaintiffs' experts. (*See* ECF Nos. 23, 30, 35, 36, and 40).

---

[1] The information recited in this section is taken from various pleadings and orders in this case. This background information should not be construed as judicial findings or factual determinations unless specifically stated.

On February 28, 2018, Plaintiffs filed the present Motion. (ECF No. 41). Defendant responded on March 21, 2018 (ECF No. 44) and requested a conference with the Court to discuss the same. The Court accordingly convened the parties on March 27, 2018.

## II. Plaintiffs' Motion for Discovery Sanctions

Plaintiffs' Motion centers around Defendant's failure to: (1) respond to Plaintiffs' ten discovery requests, which have been pending for approximately one year and (2) pay Plaintiffs' expert witnesses' outstanding deposition invoices, totaling in excess of $10,000.00. Citing Fed. R. Civ. P. 37(b)(2), Plaintiffs ask the Court to impose the following sanctions: (1) direct the opinions of Plaintiffs' experts on the origin and cause of the fire to be taken as established facts; (2) prohibit Defendant from using any of its expert witnesses at trial; (3) strike Defendant's pleadings pertaining to its defenses on the cause of the fire; (4) double the amount of funds owed to Plaintiffs for their outstanding expert witness fees; and (5) award attorney fees to Plaintiffs' counsel for bringing this Motion.

Defendant argues since Plaintiffs' Motion was filed, all experts have been paid. Defendant also advises the Court of several challenges in responding to Plaintiffs' discovery requests, including technical difficulties in converting electronically stored information (ESI) into a usable format. Nevertheless, Defendant committed to providing complete discovery responses no later than April 27, 2018. (*See* Order, ECF No. 46).

### A.    Legal Standard

While Rule 37(b)(2) authorizes sanctions, the Court has discretion in deciding to impose them.[2]  The Court's discretion, however, is limited in that any sanction "must be in the interests of justice and proportional to the specific violation of the rules."[3]  Sanctions under Rule 37 are intended to ensure a party does not benefit from its failure to comply, and to deter others from similar conduct in the absence of such a deterrent.[4]

### B.    Discussion Regarding Imposing Sanctions

Imposing the first three of Plaintiffs' requested sanctions would amount to a default judgment against Defendant.  The Court should refrain from imposing harsh sanctions, such as dismissal or its equivalent, for a discovery violation, except when the violation is "predicated upon 'willfulness, bad faith, or [some] fault . . . rather than inability to comply.'"[5]  After reviewing the briefings and based on Defendant's arguments justifying the delay in responding to the discovery requests, the Court does not believe Defendant or

---

[2]*See, e.g., Kiely v. Shores Grp., Inc.*, 160 F.R.D. 159, 160 (D. Kan. 1995) ("Whether or not to impose sanctions lies within the discretion of the court.") (citing *National Hockey League v. Metropolitan Hockey Clu*b, 427 U.S. 639, 642, 96 S.Ct 2778, 49 L.Ed.2d 747 (1976)).

[3]*Cardenas v. Dorel Juvenile Grp., Inc.*, No. CV.A.04-2478 KHV-DJW, 2006 WL 1537394, at *5 (D. Kan. June 1, 2006) (quoting *Olcott v. Delaware Flood Co.*, 76 F.3d 1538, 1557 (10th Cir.1996)).

[4]*Kindergartners Count, Inc. v. DeMoulin*, 209 F.R.D. 466, 468 (D. Kan. 2002).

[5]*Starlight Int'l Inc. v. Herlihy*, 186 F.R.D. 626, 647 (D. Kan. 1999) (quoting *Archibeque v. Atchison, Topeka & Santa Fe Rwy.*, 70 F.3d 1172, 1174 (10th Cir.1995) (quoting *National Hockey League*, 427 U.S. at 640)).  *See also Am. Contractors Indemn. Co. v. Atamian*, No. CIV.A. 08-2586JWLGLR, 2010 WL 3862034, at *4 (D. Kan. Aug. 6, 2010) ("The Tenth Circuit has stated that it does not favor default judgments because the court's power is used to enter and enforce judgments regardless of the merits of the case.") (citing *Ruplinger v. Rains*, 946 F.2d 731, 733 (10th Cir.1991)).

its counsel acted willfully or in bad faith, and will decline to impose these sanctions.[6] However, the Court reminds Defendant and its counsel that failure to fully answer Plaintiff's outstanding discovery requests by April 27, 2018 will be considered a direct violation of the Court's orders and imposition of sanctions will be re-examined. The Court also declines to impose the fourth requested sanction because Defendant has paid the outstanding expert invoices.

Similarly, the Court declines to award attorney fees to Plaintiffs' counsel for this Motion. Rule 37(b)(2)(C) states in addition to or instead of ordering sanctions, the Court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."[7] The Court, based on Defendant's explanations of the ESI and other issues in responding to Plaintiff's discovery, finds substantial justification exists, making an award of fees unjust.[8] Additionally, Defendant has committed to providing complete discovery responses by April 27, 2018, which will not further substantially delay the case or prejudice Plaintiffs. The Court also notes deadlines in the case were previously revised on several occasions to

---

[6] *See, e.g., Cardenas*, 2006 WL 1537394, at *6 (refusing to impose sanctions amounting to a default judgment because failure to produce discovery was not the result of willfulness or bad faith).

[7] *See also id.* at *5 ("An award of fees and expenses is mandatory unless the court finds that the noncompliance was substantially justified or that other circumstances would make an award of expenses unjust.").

[8] *See, e.g., Mora v. Dobler*, No. 04-2477 JWLDLW, 2006 WL 3021120, at *3 (D. Kan. Oct. 23, 2006) (denying request for attorney fees and expenses where defendant had excusable issues preventing it from responding to outstanding discovery requests).

5

accommodate Plaintiffs when unexpected circumstances arose, including health issues of one of their experts.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Discovery Sanctions (**ECF No. 41**) is **DENIED**.  Parties and their counsel are further directed to comply with the deadlines outlined in the Court's March 27, 2018 Order (ECF No. 46).

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 3rd day of April, 2018.

s/ Gwynne E. Birzer<br>
GWYNNE E. BIRZER<br>
United States Magistrate Judge